### THE WEIGHING OF EVIDENCE.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION COMPANY v. EDWARD J. RUTHMAN, A MINOR, BY HIS NEXT FRIEND.

Decided, May 28, 1910.

*Evidence—Preponderance of, in a Negligence Case—Charge of Court—Care Required of a Motorman.*

In a case where the pleadings and evidence require a determination as to whether the plaintiff himself exercised due care, a charge of court is erroneous which directs the jury to find for the plaintiff in the event his evidence outweights that of the defendant, if they are not at the same time told that before weighing the evidence for the plaintiff they should separate out, without regard to its source, such evidence as tends to prove the essential facts of plaintiff's case from that which tends otherwise.

*Frank Seinsheimer* and *Thomas L. Michie,* for the plaintiff below.

*Kinkead & Rogers,* for the traction company.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

Although counsel for plaintiff in error does not urge the ground stated in the petition in error that the verdict is not sustained by sufficient evidence, we have read the same to ascertain whether the alleged errors in the charge of the court are prejudicial.

The pleadings and the evidence make a case where the plaintiff's exercise of due care is presented for determination, and a charge which misleads the jury to its conclusion upon that issue without considering all the evidence is erroneous.

The court charged as follows:

"Preponderance has reference to something that has weight, or that may be weighed. You can not, of course, by a pair of scales, weigh the evidence in this case as you would a material solid substance, but you can in your minds weigh the evidence by putting into one side of an imaginary scale or balance all the evidence offered by the plaintiff and into the other side of

the scale or balance all the evidence offered by the defendant, and then in your minds determine which evidence, the plaintiff's or the defendant's, is the weightier or heavier.

"Before the plaintiff can recover in this action the evidence offered in his behalf must outweigh in your minds the evidence offered on behalf of the defendant."

The law recognizes and experience teaches that the evidence offered by the plaintiff in an action founded upon negligence, often shows that he himself is at fault; but if such evidence is placed on plaintiff's side of the scales it will add nothing to the weight of defendant's side. Before proceeding to weigh the evidence the jury must separate that which tends to prove the essential facts of plaintiff's case from that which tends otherwise, without regard to its source. A charge similar in effect was condemned in the case of *Robinson & Weaver* v. *Gray*, 28 O. S., 24.

The motorman was bound to exercise ordinary care only, and the court so told the jury in a special instruction given at request of the defendant; but in the general charge he said "It was his duty to make every effort to check his car or stop his car, if necessary, in order to avoid injury."

The jury would be liable to construe this as meaning "every possible effort," which is more than the law requires in an emergency like the one presented by the evidence. The first and highest duty of the motorman was owing to the passengers on his car. *Railroad Co.* v. *Kistler*, 66 O. S., 326.

The cross-examination of the motorman was proper as reflecting on his conduct at the time of the collision and his version of it. There was no purpose to introduce a new element of negligence.

The judgment will be reversed for errors in the general charge and the cause remanded for a new trial.